UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TUNG Y. HSIEH,

                            Plaintiff,

    -against-                                 **16CV7275**

AROGANT HOLLYWOOD,

                            Defendant,
-----------------------------------------------------------x

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**DEFENDANT AROGANT HOLLYWOOD,** files this Notice of Removal under 28 USC §§ 1441, 1146 and Federal Rules of Civil Procedure, Rule 81(c)

**STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**

1.     The pending action in the Superior Court of the State of California in and for the Los Angeles, County, Northeast District, entitled: Tung Y. Hsieh v. Arogant Hollywood, Docket Number: 16P03771, was commenced on August 18th 2016.

2.     Copies of the pleadings and other papers served on the removing defendant in the above described action are appended to this Notice of Removal as required by 28 USC § 1446.

3.     Defendant Arogant Hollywood hereby moves to remove the lawsuit in which he was sued because Defendant avers that he cannot enforce his civil rights in the action pending in state court.

1

4.      Defendant Arogant Hollywood hereby moves to remove the lawsuit in which he was sued because Defendant avers that he cannot enforce his civil rights in the action pending in state court.

**JURISDICTION & VENUE**

5.      The Federal District Court of the United States has jurisdiction over this matter pursuant to 28 USC § 1443(1).

6.      The filing of this removal in the wrong Federal District Court is a procedural defect that does not deprive the Southern District Court of New York of subject matter jurisdiction. See *Peterson v. BMI Refractories (11th Cir 1997) 124 F3d 1386, 1388-1394.*

**Dated: Alhambra, California**
        **September 14th 2016**

                                                                Respectfully Submitted,

                                                                BY: *Arogant Hollywood*

                                                                Arogant Hollywood
                                                                1308 East Colorado Blvd.
                                                                Pasadena, CA 91106
                                                                (213) 447-8922

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
TUNG Y. HSIEH,

                              Plaintiff,

    -against-

AROGANT HOLLYWOOD,

                              Defendant,
-----------------------------------------------------------x

                                    **PROOF OF SERVICE OF DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT**

1. I am a naturalized citizen of the United States of America

2. I am over the age of 18 years-old and party to the action within.

3. As a self-represented Pro-Se litigant without an attorney in the above captioned action. I am authorized to execute service of said documents on Plaintiff Tung Y. Hsieh's attorney of record because Mr. Hsieh's counsel previously served a copy of summons and complaint on me at my home address located at: 224 N. Olive Avenue, Alhambra, CA 91801.

4. On September 14th 2016 I served the foregoing documents described as:

**NOTICE OF FEDERAL DISTRICT COURT REMOVAL FROM STATE COURT**

On the interested party in said action by USPS pre postage first class mail to:

Fast Eviction Law Firm
474 West Orange Show Road
San Bernardino, CA 92408

**I declare under the penalty of perjury, under the federal laws, statutes and constitution of the United States of America, that the foregoing declaration is true and correct**

**Dated: September 14th 2016**

                                                                   *Arogant Hollywood* (signature)

1

**SERVICE LIST**

Tung Y. Hsieh
**LASC Case No. 1P603771**

Fast Eviction Law Firm
474 West Orange Show Road
San Bernardino, CA 92408
(909) 332-6200

**Attorneys of Record for Plaintiff Tung Y. Hsieh**

2

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AROGANT HOLLY WOOD, ALISON FAIRCHILD, JENNIFER GORDON Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TUNG HSIEH

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del caso):* 16P0377

PASADENA
300 E WALNUT ST RM 116
PASADENA, CA 91101

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H.G. LONG & ASSOCIATES          H.G. LONG BAR #127735
474 W ORANGE SHOW RD             909-889-5151
SAN BERNARDINO CA 92408

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not  [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: 8-18-16
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
       under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
              [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
              [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
              [ ] CCP 415.46 (occupant)            [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS-UNLAWFUL DETAINER-EVICTION**

Page 1 of 2
Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

16080229

| PLAINTIFF (Name): TUNG HSIEH | CASE NUMBER: |
| --- | --- |
| DEFENDANT (Name): JENNIFER GORDON, ALISON FAIRCHILD, AROGANT HOLLYWOOD | 16P03771 |

6. c. [X] The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) [X] other (specify): UNKNOWN OCCUPANTS
   d. ☐ The agreement was later changed as follows (specify):

   e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
      (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant (name each): JENNIFER GORDON, ALISON FAIRCHILD, AROGANT HOLLYWOOD

   was served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit       (4) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                    (5) ☐ 3-day notice to quit
   (3) ☐ 60-day notice to quit                    (6) ☐ Other (specify):
   b. (1) On (date): 8/15/2016                    the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. [X] The notice in Item 7a was served on the defendant named in item 7a as follows:
      (1) ☐ by personally handing a copy to defendant on (date):
      (2) ☐ by leaving a copy with (name or description):
          a person of suitable age and discretion, on (date):                at defendant's
          ☐ residence  ☐ business AND mailing a copy to defendant at defendant's place of residence on
          (date):                because defendant cannot be found at defendant's residence or usual place of business.
      (3) ☐ by posting a copy on the premises on (date):           ☐ AND giving a copy to a
          person found residing at the premises AND mailing a copy to defendant at the premises on
          (date):
          (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
          (b) ☐ because no person of suitable age or discretion can be found there.
      (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
      (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
   b. ☐ (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]  
Martin Dean's  
ESSENTIAL FORMS™

**COMPLAINT - UNLAWFUL DETAINER**

Page 2 of 3

16080229

| PLAINTIFF (Name): TUNG HS_ _ | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): AROGANT HOLLY WOOD, ALISON FAIRCHILD, JENNIFER GORDON | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 0.00

11. ☒ The fair rental value of the premises is $ 51.66 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding;
    c. ☐ past-due rent of $ 0.00
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 8/16/2016 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* 9

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 8/18/2016

H.G. LONG
(TYPE OR PRINT NAME)            ▶            _____
                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____            ▶            _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]
Martin Dean's
ESSENTIAL FORMS™

**COMPLAINT - UNLAWFUL DETAINER**

Page 3 of 3

16080229

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

CP10.5

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
    - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name): | | |
| NAME OF COURT: PASADENA | | |
| STREET ADDRESS: 300 E WALNUT ST RM 116 | | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: PASADENA, CA 91101 | | |
| BRANCH NAME: PASADENA | | |
| Plaintiff: TUNG HSIEH | | |
| Defendant: AROGANT HOLLY WOOD, ALISON FAIRCHILD, JENNIFER GORDON | | |

| PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | CASE NUMBER: |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | (To be completed by the process server)<br>DATE OF SERVICE:<br>(Date that form is served or delivered, posted, and mailed by the officer or process server) |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify):

2. I reside at (street address, unit no., city and ZIP code):

3. The address of "the premises" subject to this claim is (address):
   224 N OLIVE AVE, ALHAMBRA, CA, 91801, LOS ANGELES COUNTY/

4. On (insert date): _____, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is in the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of $ _____ or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [Rev. June 15, 2015]

*Martin Dean's*
Essential Forms™

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

16080229

CP10.5

| Plaintiff: | TUNG HSIEH | CASE NUMBER: |
|---|---|---|
| Defendant: | AROGANT HOLLY WOOD, ALISON FAIRCHILD, JENNIFER GORDON | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*
    a. ☐ an oral or written rental agreement with the landlord.
    b. ☐ an oral or written rental agreement with a person other than the landlord.
    c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
    d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE** If all the following are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF** LOS ANGELES

I have read the foregoing SUMMONS AND COMPLAINT

and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a                                of
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am one of the attorneys for PLAINTIFF
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on 8/18/2016 , at SAN BERNARDINO CA 92410 , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

H. G. LONG
**TYPE OR PRINT NAME**                                             **SIGNATURE**

**PROOF OF SERVICE**
1013a (3) CCP Revised 2004

**STATE OF CALIFORNIA, COUNTY OF** LOS ANGELES
I am employed in the county of                                                                  , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On                                                                , I served the foregoing document described as

on                                                                                                                      in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at                                                                  , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on                                           , at                                                     , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on                                           , at                                                     , California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**TYPE OR PRINT NAME**                                                                      **SIGNATURE**

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

NONJC-015 (Rev. 01/01/2011)                **VERIFICATION/PROOF OF SERVICE**

Martin Dean's
Essential Forms™
                                                                                                                16080229

08/11/2016 15:41 8886127 PAGE 01/06



CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LEASE OR
MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 11/12)

Date **11/12/2013**, **Tung Y. Hsieh,** ("Landlord") and
**Jennifer Gordon,** ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: **224 N. Olive Ave.** **Alhambra, CA 91801** ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: **Jennifer Gordon.**
   C. The following personal property, maintained pursuant to paragraph 11, is included: **N/A**
   or ☐ (if checked) the personal property on the attached addendum.
   D. The Premises may be subject to a local rent control ordinance **N/A**

2. **TERM:** The term begins on (date) **November 14, 2013** ("Commencement Date"). (Check A or B):
   ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.
   ☒ B. **Lease:** and shall terminate on (date) **November 13, 2014** at **5** ☐ AM/ ☒ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this Agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
   A. Tenant agrees to pay $ **1,550.00** per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or ☐ **N/A** ) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day period.
   D. **PAYMENT:** Rent shall be paid by ☐ personal check, ☐ money order, ☐ cashier's check, or ☒ other **Direct Deposit** , to (name) **Tung Y. Hsieh, Cathay Bank, acct# 03-565-580** (phone) **N/A** at (address) **N/A** . (or at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally, between the hours of **N/A** and **N/A** on the following days **N/A** ). If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ **2,000.00** as a security deposit. Security deposit will be ☒ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT. If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the security deposit to Tenant.
   C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

**MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to **Tung Y. Hsieh**
shall be paid by ☐ personal check, ☒ money order, or ☒ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from **11/14/2013** to **11/30/2013** (date) | $878.00 | | $878.00 | 11/13/2013 |
| *Security Deposit | $2,000.00 | | $2,000.00 | 11/13/2013 |
| Other **N/A** | | | | |
| Other **N/A** | | | | |
| Total | $2,878.00 | | $2,878.00 | |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( **K** )( _____ )           Exit           Landlord's Initials ( **C.H.** )( _____ )

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
LR REVISED 11/12 (PAGE 1 OF 6)               Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)**

08/11/2016  15:41    8886127                                                                    PAGE  02/06

Premises: 224 N. Olive Ave, Alhambra, CA 91801                                Date: **November 13, 2013**

**LATE CHARGE; RETURNED CHECKS:**

A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) calendar days after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ **50.00** or _____ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

7. **PARKING:** (Check A or B)
   ☒ A. Parking is permitted as follows: **garage**. _____

   The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.

   OR ☐ B. Parking is not permitted on the Premises.

8. **STORAGE:** (Check A or B)
   ☐ A. Storage is permitted as follows: **N/A**
   The right to separate storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.
   ☐ B. Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

9. **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: **trash service**. _____ except _____, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

10. **CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke and carbon monoxide detector(s).
    (Check all that apply:)
    ☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: **N/A** _____

    ☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).
    ☐ C. (i) Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ within 3 days after execution of this Agreement; ☐ prior to the Commencement Date; ☐ within 3 days after the Commencement Date.
    (ii) Tenant shall complete and return the MIMO to Landlord within 3 (or ☐ **N/A** ) days after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgement of the condition as stated in the MIMO.
    ☐ D. Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ **N/A** ) days after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.
    ☐ E. Other: **N/A**

11. **MAINTENANCE:**
    A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide and smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.
    B. ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: **N/A** _____

    C. ☒ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: **N/A** _____

    D. ☐ Landlord ☐ Tenant shall maintain **N/A** _____
    E. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.
    F. The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: **N/A** _____

Tenant's Initials ( JG )( _____ )                                      Landlord's Initials ( CK )( _____ )

Copyright © 1991-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC.                      | Reviewed by _____ Date _____ |
LR REVISED 11/12 (PAGE 2 OF 6)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 6)**

08/11/2016   15:41       8886127                                                                                             PAGE   03/06

Premises: 224 N. Olive Ave.,
Alhambra, CA  91801                                                                                 Date: November 13, 2013

12. **NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless Internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

13. **PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: _four cats._

14. ☒ (If checked) **NO SMOKING:** No smoking of any substance is allowed on the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is responsible for all damage caused by the smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant is in breach of this Agreement; (iii) Tenant, guests, and all others may be required to leave the Premises; and (iv) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint the entire premises regardless of when these items were last cleaned, replaced, or repainted. Such actions and other necessary steps will impact the return of any security deposit. The Premises or common areas may be subject to a local non-smoking ordinance.

15. **RULES/REGULATIONS:**
   A. Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
   B. (If applicable, check one)
      ☐ 1. Landlord shall provide Tenant with a copy of the rules and regulations within _N/A_ days or _N/A_.
      OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

16. ☐ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
   A. The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules"). Landlord shall provide Tenant copies of HOA Rules, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
   B. (Check one)
      ☐ 1. Landlord shall provide Tenant with a copy of the HOA Rules within _N/A_ days or _N/A_.
      OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA Rules.

17. **ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 29C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

18. **KEYS; LOCKS:**
   A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _N/A_ ):
      ☒ _two_ key(s) to Premises,                        ☐ _N/A_ remote control device(s) for garage door/gate opener(s),
      ☐ _N/A_ key(s) to mailbox,                         ☐ _N/A_
      ☐ _N/A_ key(s) to common area(s),                  ☐ _N/A_
   B. Tenant acknowledges that locks to the Premises ☒ have, ☐ have not, been re-keyed.
   C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

19. **ENTRY:**
   A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters), decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
   B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows. 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice, that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry; or (iii) if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.
   C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

20. **SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

21. **ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

Tenant's Initials ( _JG_ )(  )                                                  Landlord's Initials ( _CR_ )(  )

Copyright © 1991-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
Reviewed by _____ Date _____

Premises: 224 N. Olive Ave. Alhambra, CA 91801                                              Date: November 13, 2013

22. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.
23. ☐ **LEAD-BASED PAINT (If checked):** Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.
24. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises are located within one mile of an area once used for military training, and may contain potentially explosive munitions.
25. ☐ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.
26. ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.
27. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)
28. **POSSESSION:**
    A. Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ __N/A__ ) calendar days after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
    B. ☐ Tenant is already in possession of the Premises.
29. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
    A. Upon termination of this Agreement, Tenant shall: (i) give Landlord all copies of all keys or opening devices to Premises, including any common areas; (ii) vacate and surrender Premises to Landlord, empty of all persons; (iii) vacate any/all parking and/or storage space; (iv) clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; (v) remove all debris; (vi) give written notice to Landlord of Tenant's forwarding address; and (vii) __N/A__ .
    B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
    C. **Right to Pre-Move-Out Inspection and Repairs:** (i) After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. (ii) Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. (iii) Tenant shall: (a) obtain receipts for Repairs performed by others; (b) prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and (c) provide copies of receipts and statements to Landlord prior to termination. Paragraph 29C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).
30. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.
31. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.
32. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.
33. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is advised to carry Tenant's own Insurance (renter's insurance) to protect Tenant from any such loss or damage. Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance.
34. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises.

Tenant's Initials ( _____ )( _____ )                                       Landlord's Initials ( _____ )( _____ )
© 1991-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
REVISED 11/12 (PAGE 4 OF 6)                                                    Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)**

Premises: 224 N. Olive Ave.
Alhambra, CA 91801                          Date: **November 13, 2013**

**WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.
**NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:
Landlord: *Tung Y Hsieh*                 Tenant: *Jennifer Gordon*
*2117 W. Valley Blvd. Alhambra, CA 91803*     *224 N.Olive Ave. Alhambra, CA*

37. **TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

38. **REPRESENTATIONS:**
   A. **TENANT REPRESENTATIONS; OBLIGATIONS REGARDING OCCUPANTS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Landlord requires all occupants 18 years of age or older and all emancipated minors to complete a lease rental application. Tenant acknowledges this requirement and agrees to notify Landlord when any occupant of the Premises reaches the age of 18 or becomes an emancipated minor. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; upon disapproval of the credit report(s); or (ii) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.
   B. **LANDLORD REPRESENTATIONS:** Landlord warrants, that unless otherwise specified in writing, Landlord is unaware of (i) any recorded Notices of Default affecting the Premise; (ii) any delinquent amounts due under any loan secured by the Premises; and (iii) any bankruptcy proceeding affecting the Premises.

39. **MEDIATION:**
   A. Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.
   B. The following matters are excluded from mediation: (i) an unlawful detainer action; (ii) the filing or enforcement of a mechanic's lien; and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.
   C. Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

40. **ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A.

41. **C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

42. **OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA);
   ☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD);
   ☐ Landlord in Default Addendum (C.A.R. Form LID)

The following ATTACHED supplements are incorporated in this Agreement: **N/A**

43. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

44. **AGENCY:**
   A. **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
   Listing Agent: (Print firm name) _____
   is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
   Leasing Agent: (Print firm name) _____ **N/A**
   (if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.
   B. **DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

45. ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

Tenant's Initials ( JG )( _____ )             Landlord's Initials ( CH )( _____ )

Copyright © 1991-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/12 (PAGE 5 OF 6)
Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 5 OF 6)**

Premises: 224 N. Olive Ave. Alhambra, CA 91801     Date: November 13, 2013

46. ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: N/A . Landlord and Tenant acknowledge receipt of the attached Interpreter/translator agreement (C.A.R. Form ITA).

**FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese, pursuant to the California Civil Code, Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

**OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

**RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

Landlord and Tenant acknowledge and agree Brokers: (a) do not guarantee the condition of the Premises; (b) cannot verify representations made by others; (c) cannot provide legal or tax advice; (d) will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: (e) do not decide what rental rate a Tenant should pay or Landlord should accept; and (f) do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

Tenant agrees to rent the Premises on the above terms and conditions.

Tenant _[signature]_    Jennifer Gordon Date 11/13/13
Address N/A City N/A State N/A Zip N/A
Telephone (323)253-3288 Fax N/A E-mail rakenne@yahoo.com

Tenant _____ N/A Date _____
Address N/A City N/A State N/A Zip N/A
Telephone N/A Fax N/A E-mail N/A

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: (i) guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; (ii) consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and (iii) waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) N/A
Guarantor _____ Date _____
Address N/A City N/A State N/A Zip N/A
Telephone N/A Fax N/A E-mail N/A

Landlord agrees to rent the Premises on the above terms and conditions.

Landlord _[signature]_ Date 11-13-13 Landlord _____ Date _____
Chan Shyong for Tung H. Hsieh     N/A
Address _____
Telephone (626)374-8998 Fax N/A E-mail johnsonshyong@yahoo.com

**REAL ESTATE BROKERS:**
A. Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
B. Agency relationships are confirmed in paragraph 44.
C. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) _____ DRE Lic. # N/A
By (Agent) _____ Chan (Johnson) Shyong DRE Lic. # 01876663 Date _____
Address N/A City N/A State N/A Zip N/A
Telephone (626)374-8998 Fax N/A E-mail johnsonshyong@yahoo.com

Real Estate Broker (Leasing Firm) N/A DRE Lic. # N/A
By (Agent) _____ N/A DRE Lic. # N/A Date _____
Address N/A City N/A State N/A Zip N/A
Telephone N/A Fax N/A E-mail N/A

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

LR REVISED 11/12 (PAGE 6 OF 6)

08/12/2016 09:52   8886123                                                                PAGE  01/01

## NOTICE TO PERFORM CONDITIONS AND COVENANTS OR QUIT

TO:   Jennifer Gordon

AND ALL OTHERS IN POSSESSION:

YOU ARE HEREBY NOTIFIED that you are in violation of the terms of your lease or rental agreement of the premises located at:

Address:   224 N. Olive Ave.

City/State:   Alhambra, CA 91801

The terms of this violation:   Violation of subletting without Landlord's prior written consent according to item#21 of lease agreement on 11-12-2013.

Witness:   Megan Lewis

Time and Date:   11:53 pm on 05-23-2016

Within three (3) days after the service on you of this notice, you are hereby required to perform or otherwise comply with the above-mentioned conditions and covenants to QUIT and DELIVER UP THE POSSESSION OF THE PREMISES.

You are further notified that, the undersigned does hereby elect to declare the forfeiture of your rental agreement under which you hold possession of the above described premises if you fail to perform or otherwise comply.   Lessor will institute legal proceedings for unlawful detainer against you to recover possession of said premises, to declare said tenancy forfeited, and to recover treble rents and damages for the unlawful detention of said premises.

Dated:   08-11-2016                    Landlord:   Tung Y. Hsieh

This form was prepared by the Law Offices of H.G. Long and Associates
Toll Free:   (800) 686-8686    or Inland Empire:   (909) 689-2000

Ex. 2

# DECLARATION OF SERVICE OF NOTICE(S) TO TENANT(S)

I, the undersigned, declare that I served the Notice(s) indicated below:

_____ Notice To Pay Rent Or Quit    _____ 3/30 Day Notice To Quit

_____ 3/60 Day Notice (mobile home)    _X_ *Notice to perform Conditions & Covenants or Quit*

The above described Notice(s) were served on the following named parties in the manner set forth below:

*Jennifer Gordon* _____

_X_ 1. PERSONAL SERVICE — By delivering a copy of the Notice(s) on *August 11*, 20 _16_ to each of the above named personally.

\_\_\_\_\_ 2. By leaving a copy for each of the above named parties on _____, 20 \_\_\_ with _____, a person 18 years of age or older and of suitable discretion at the residence or usual place of business of each of the above named parties, each being absent therefrom; and thereafter mailing a copy to each of the above named parties by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to each of the above named parties at their place of residence at:

\_\_\_\_\_ 3. By posting a copy for each of the above named parties on _____, 20 \_\_\_ in a conspicuous place on the property herein described, there being no person 18 years of age or older and of suitable discretion to be found at any known place of residence or business of said tenants; and thereafter mailing a copy to each above named parties by depositing said copies in the United states Mail, in a sealed envelope, with postage fully prepaid, addressed to each of the above named parties at their place of residence at:

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

DATED: *August 11*, 20 _16_, at *Alhambra*, CA

*Chan Shyong* (Chan Shyong)

Ex. 3

# PRIORITY MAIL EXPRESS

FROM: Aryant Hollywood PHONE (213) 447-8422
1308 East Colorado Blvd.
Pasadena, CA 91106

TO: Pro-Se Intake Unit
United States District Court
Southern District of New York
500 Pearl Street
Room 200, New York, NY

10007

U.S. POSTAGE PAID
ALHAMBRA, CA
91802
SEP 14, 16
AMOUNT
$22.95
R2304E107452-11

ATTENTION - DELIVERY
SENDER HAS WAIVED SIGNATURE
REQUIREMENT
PLEASE DELIVER PER DMM 263.2