RECEIVED
SDNY PRO SE OFFICE

2016 SEP 30  AM 9: 32

Arogant Hollywood
1308 East Colorado Blvd.
Pasadena, CA 91106
(213) 447-8922
Causeofaction37@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
TUNG Y. HSIEH,

                                        Plaintiff,

          -against-

AROGANT HOLLYWOOD,

                                        Defendant,
-------------------------------------------------------x

**CASE NO. 16CV7275**

**DEFENDANT AROGANT**
**HOLLYWOOD'S VERIFIED**
**ANSWER TO COMPLAINT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9-30-16

Defendant Arogant Hollywood, by and through himself, and on behalf of no other party, upon

information and belief, denies each and every allegation of the Plaintiff's ("Plaintiff or Tung

Y. Hsieh")

Verified Complaint (the "Verified Complaint"), except as follows:

      1.    Arogant Hollywood admits to the allegation in paragraph 1 that Tung Y. Hsieh

is the Plaintiff.

      2.    Arogant Hollywood admits to the allegations in paragraph 2 that Tung Y.

Hsieh is an individual over the age of 18 years-old.

      3.    Arogant Hollywood admits that he is in possession of the premises located at

224 N.

 Olive Avenue, Alhambra, California 91801.

1

4.      Arogant Hollywood admits that Plaintiff's interest in the premises is as owner.

5.      Arogant Hollywood denies allegations of paragraph 6 (a.) of the Verified Complaint.

6.      Arogant Hollywood denies all allegations of paragraphs (6.) subparagraphs (1)-(3) of the Verified Complaint.

7.      Arogant Hollywood denied all allegations of paragraph (6.) (b.) of the Verified Complaint.

8.      Arogant Hollywood admits to the allegations stated in paragraph 6. (c) of the Verified Complaint.

9.      Arogant Hollywood admits to the allegations stated in paragraph 6 (e) of the Verified Complaint.

10.     Arogant Hollywood denies all allegations stated in paragraph 7 (a), 7 (d), and 7 (e). The Plaintiff Tung Yi. Hsieh's agent Chan Sheng Shyong personally served a copy of 3-day notice to quit on Defendant Jennifer Gordon. The 3-day notice was never served upon Defendant Arogant Hollywood by Plaintiff.

11.     Arogant Hollywood denies all allegations stated in paragraph 7 (b). The 3-day notice to quit was invalid because the last day to perform covenant did not fall on a business day.

12.     Arogant Hollywood denied all allegations stated in paragraph 8 (a). The Plaintiff never personally served any type of 3-day notice to quit upon Defendant.

13.     Arogant Hollywood denies all allegations stated in paragraph 11 of the Verified Complaint. The premises is in very inhabitable condition, and has been cited by the Alhambra code enforcement agency.

14.     Arogant Hollywood denies paragraphs 17 of the Verified Complaint in its entirety. The premises are inhabitable, landlord refuses to make necessary repairs and rent was paid up until September 1st 2016.

## ANSWER TO FIRST CAUSE OF ACTION

15.     Defendant Arogant Hollywood incorporates by reference each of the responses asserted in paragraphs 1-14, as set forth again in full.

16.     Arogant Hollywood denies the allegations asserted in paragraph 6 (a.) of the Verified Complaint.

17.     Arogant Hollywood denies the allegations asserted in paragraph 6 (b) of the Verified Complaint.

18.     Arogant Hollywood denies the allegations asserted in paragraph 6 (e) of the Verified Complaint.

19.     Arogant Hollywood denies the allegations asserted in paragraph 7 (a) of the Verified Complaint.

20.     Arogant Hollywood denies the allegations asserted in paragraph 8 (a) of the Verified Complaint.

21.     Arogant Hollywood denies the allegations asserted in paragraph 11 of the Verified Complaint.

22.     Arogant Hollywood denies the allegations asserted in paragraph 13 of the Verified Complaint.

23.     Arogant Hollywood denies the allegations asserted in paragraph 17 (f.) of the Verified Complaint.

## ANSWER TO PRAYER FOR RELIEF

Defendant Arogant Hollywood denies the allegations contained in the Prayer for Relief and denies that Plaintiff is entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

24.     Plaintiff fails to state facts sufficient to constitute a claim upon which relief against Defendant can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Plaintiff Has Not Suffered Damages)

25.     Plaintiff's injuries and damages, if any, are speculative and cannot be show to exist in fact.

## THIRD AFFIRMATIVE DEFENSE
### (Contract)

26.     Defendant Arogant Hollywood was a subtenant of master tenant and Defendant Jennifer Gordon and thus had no contractual relationship with Plaintiff Tung Yi. Hsieh.

## FOURTH AFFIRMATIVE DEFENSE
### (Landlord-Tenant Relationship)

27.     Defendant Arogant Hollywood does not have a landlord-tenant relationship with Plaintiff Tung Y. Hsieh and/or his employed agent Chan Sheng Shyong. Plaintiff is seeking to wrongfully evict Defendant by also evicting Jennifer Gordon who no longer lives there, and who has never been served a copy of summons and complaint. The existence of a landlord-tenant relationship is part of the landlord's prima facie case. See *Nork v. Pacific Coast Medical Enterprises, Inc. (1977) 73 CA3d 410, 414, 140 CR 734.*

## FIFTH AFFIRMATIVE DEFENSE
### (Racial Discrimination)

28.     Arogant Hollywood offered to pay rent to Plaintiff for $ 1,550 on August 17th 2016 for the month of September 2016. The Plaintiff refused to accept rent and refused to sign a lease with Defendant. Plaintiff would rather evict Defendant instead of accepting rent from him. Plaintiff and his employed agents are racially discriminating against Arogant Hollywood. This is not an unlawful detainer for nonpayment of rent, and Defendant paid rent to previous master tenant. See *Abstract Investment Co. v. Hutchinson (1962) 204 CA2d 242, 22 CR 309, Schweiger v. Superior Court (1970) 3 C3d 507, 514-515, 98 CR 729, 476 P2d 97*

4

## SIXTH AFFIRMATIVE DEFENSE
### (Refusal To Accept Rental Payments)

29.     Plaintiff refused to accept rental payments from Arogant Hollywood on several different occasions. A landlord refusing to accept timely rental payments is an affirmative defense to an unlawful detainer lawsuit. See *Strom v. Union Oil Co. (1948) 88 CA2d 78, 81-84, 198 P2d 347.*

## SEVENTH AFFIRMATIVE DEFENSE
### (Retaliatory Eviction)

30.     Plaintiff retaliated against Arogant Hollywood because Defendant filed two separate complaints with the Alhambra Code Enforcement agency.

## EIGHTH AFFIRMATIVE DEFENSE
### (Violation of Title VIII of the Civil Rights Act of 1968)

31.     Plaintiff Tung Yi. Hsieh has refused to rent to Defendant and Plaintiff has refused to sign a residential lease agreement with Arogant Hollywood. In doing so, Plaintiff has deliberately discriminated against Defendant, and Plaintiff is a business discriminating against Arogant Hollywood. See *Jones v. Alfred H. Mayer Co., 393 U.S., 409, 443 (1968) ; Bobbitt v. Bobbitt v. Rage, Inc., 19 F. Supp. 2d 512, 516 (W.D.N.C. 1998); Patterson v. McLean Credit Union, 491 U.S. 164, 190 (1989); Shelley v. Kramer (1948), 334 U.S. 1, 68 S. Ct., 836, 92 L. Ed., 1161; Runyon v. McCray, 427, U.S. 160, 170 (1976); Brown v. American Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991).*

## NINTH AFFIRMATIVE DEFENSE
### (Retaliatory Eviction Based On Previous Frivolous Eviction)

32.     Plaintiff filed a frivolous unlawful detainer action against Defendant in July 2016, which was a complete defraud on state court. On August 9th 2016 Plaintiff Tung Y.

Hsieh dismissed the frivolous unlawful detainer action. This second unlawful detainer complaint was filed on August 18th 2016 in retaliation for Defendant winning first unlawful detainer complaint. A retaliatory eviction is a proper affirmative defense. See *Drouet v. Superior Court (2003) 31 C4th 583, 587, 611-612, 3 CR3d 205, 73 P3d 1185; Western Land Office, Inc. v. Cervantes (1985) 175 CA3d 724, 732-740, 220 CR 784; Barela v. Superior Court (1981) 30 C3d 244, 254, 178 CR 618, 636 P2D 582.*

## TENTH AFFIRMATIVE DEFENSE
### (Non-Compliance With Notice Requirement)

33.     Plaintiff Tung Yi. Hsieh did not strictly comply with the statutory provisions of Cal Code Proc § 1161. Defendant Arogant Hollywood was never served a copy of 3-day notice to quit. In addition, the original 3-day notice served upon master tenant Jennifer Gordon was invalid as it was based on violating terms of an expired lease agreement. The 3-day notice to quit was cured within 3 business days of service on master tenant Jennifer Gordon as she returned possession to Plaintiff on August 18th 2016. Since the 3-day notice was required to end on a business day and it ended on a weekend day, Jennifer Gordon effectively cured her defect of notice by voluntarily surrendering possession of premises to landlord. Strict compliance with the statutory provisions relating to the 3-day notice to quit is a prerequisite to seeking the summary remedy of unlawful detainer. See *Baugh v. Consumers Associates, Ltd. (1966) 241 Cal. App. 2d 672, 674, 50 Cal. Rptr. 822.*

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

34.     Plaintiff Tung Yi. Hsieh lacks standing to pursue the claims alleged against Defendant in the Verified Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Causation)

35.     Defendant Arogant Hollywood is informed and believes and thereon alleges that there is no causal connection between any act or omission by or on behalf of Defendant and the damages of which Plaintiff complain.

**WHEREFORE**, Defendant Arogant Hollywood prays for judgment as follows:

1.     That judgment be entered in Defendant's favor and against Plaintiff.

2.     For costs incurred herein, including but not limited, to investigative costs and pre-judgment interest.

3.     That this Defendant be dismissed hence with prejudice.

4.     For such other and further relief as this court deems just and proper.

**Dated: Alhambra, California**
**September 22nd 2016**

**Respectfully Submitted,**

BY: _Arogant Hollywood_

Arogant Hollywood
1308 East Colorado Blvd.
Pasadena, CA 91106
(213) 447-8922

## VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD

United States of America

State of California

City of Alhambra, California, Within the County of Los Angeles


I, **AROGANT HOLLYWOOD**, being duly sworn, say:

I, AROGANT HOLLYWOOD, am the Defendant in the above-entitled action and proceeding. I have read the foregoing: **DEFENDANT AROGANT HOLLYWOOD'S VERIFIED ANSWER TO COMPLAINT,** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.


**I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**DATED:** *September 22nd 2016*

*Arogant Hollywood*

**Arogant Hollywood, Defendant In Lawsuit**

PRIORITY MAIL
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

FROM:

Arogant Hollywood
1308 East Colorado D
Pasadena, CA 91106

TO: United States District of
York of the Southern District of
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

USM P3
SDN Y

UNITED STAT

VISIT US AT USPS.COM®

EP14F July 2013

**US POSTAGE PAID**

**$6.45**

POSTAL SERVICE.

Origin: 91602
Destination: 10007
0 Lb 2.70 Oz
Sep 27, 16
0500080702-07

1006

**PRIORITY MAIL ®2-Day**

C014

Expected Delivery Day: 09/29/2016

USPS TRACKING NUMBER

9505 5131 8283 6271 0330 17

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

RECEIVED
SDNY PRO SE OFFICE
2016 SEP 30 AM 9:32