Law Offices of
## STEPHEN E. ENSBERG
1609 W. Garvey Ave. North
West Covina, California 91790
Telephone (626) 813-3744 Facsimile (626) 813-3886
Email:  Sensberg@aol.com    Direct Email: nancy@sensberglaw.com

RECEIVED
SDNY PRO SE OFFICE
2016 SEP 29  AM 9: 38

*Docket and File*

September 26, 2016

Clerk of the Court,
New York
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

SCANNED

Re:   Tung Y. Hsieh v. Arogant Hollywood; Case No: 1:16-CV-07275-UA

Greetings Clerk of the Court:

We the attorneys for Tung Y. Hsieh, the Plaintiff in an Unlawful Detainer action now pending in the Pasadena Branch of the Los Angeles County Superior Court, Case No: 16P03771. The Defendants in that action are Arogant Hollywood and Alison Fairchild. The Federal Court here in the Central District of Los Angeles, Case No:CV16-6459-JGB(GJS) has already dismissed the frivolous effort of Arogant Hollywood/Alison Fairchild to involve the Federal Court in this garden variety Unlawful Detainer case (See copy of Order). Arogant Hollywood and Alison Fairchild have already been declared Vexatious Litigants in the Los Angeles County Superior Court, a copy of the Order of which is included herewith.

We do not know what this Unlawful Detainer case has to do with New York and the Federal Court there. The enclosed two Court Orders make it clear the frivolous and abusive Court actions of Mr. Hollywood and we ask that you present this information to whatever Judge/Magistrate is assigned to review in Pro Per filings like the kind presented by Mr. Hollywood. Thank you.

Sincerely yours,

Stephen E. Ensberg

SEE/ogd
Encls.

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of West Covina, California; my business address is 1609 West Garvey Ave. North, West Covina, CA 91790.

On the date below, I served a copy of the following document(s):

LETTER TO CLERK OF THE COURT, NEW YOUR FEDERAL COURT DATED 9-26-16

on all interested parties in said case addressed as follows:
### via First Class U.S. Mail, Postage Prepaid:

Arogant Hollywood
Alison Helen Fairchild
1308 East Colorado Blvd.,
Pasadena, CA 91106
Plaintiffs in Pro-Se

**BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in West Covina, California, in sealed envelopes with postage fully thereon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in West Covina, California, on September 26, 2016.

/s/  Oxana Denisenko
Oxana Denisenko

ECF,PRO-SE

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:16-cv-07275-UA

Hsieh v. Hollywood
Assigned to: Judge Unassigned
Cause: 28:1441nr Notice of Removal

Date Filed: 09/16/2016
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Tung Y. Hsieh**

represented by **Tung Y. Hsieh**
PRO SE

V.

**Defendant**

**Arogant Hollywood**

represented by **Arogant Hollywood**
224 N. Olive Avenue
Alhambra, CA 91801
(213) 447-8922
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2016 | 1 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Arogant Hollywood.(sac) (Entered: 09/19/2016) |
| 09/16/2016 | 2 | NOTICE OF REMOVAL from Superior Court of the State of California, County of Los Angeles. Case Number: 16P03771. Document filed by Arogant Hollywood.(sac) (Entered: 09/19/2016) |
| 09/16/2016 | | Case Designated ECF. (sac) (Entered: 09/19/2016) |
| 09/20/2016 | 3 | LETTER from Arogant Hollywood dated 9/16/16 re: Defendant notifies the Court that, on 9/15/16, the defendant filed the Notice of Removal with the Clerk of Court, United States District Court at 500 Pearl Street, New York, New York. Document filed by Arogant Hollywood.(sc) (Entered: 09/22/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/26/2016 11:05:27 | | |
| **PACER Login:** se2126:2992255:0 | **Client Code:** | Hsieh Hollywood |
| **Description:** Docket Report | **Search Criteria:** | 1:16-cv-07275-UA |
| **Billable Pages:** 1 | **Cost:** | 0.10 |

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| AROGANT HOLLYWOOD, et al., | CASE NUMBER |
|---|---|
| | CV 16-6459-JGB (GJS) |
| PLAINTIFF(S) | |
| v. | |
| CRAIG DOOLITTLE, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                                 United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☒ Inadequate showing of indigency          ☒ District Court lacks jurisdiction

☒ Legally and/or factually patently frivolous          ☐ Immunity as to _____

☒ Other:  Failure to state a claim upon which relief can be granted.

_____

Comments:
See Attachment.

September 13, 2016
_____          _____
Date                                                 United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED

☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:

    ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

    ☒ This case is hereby DISMISSED immediately.

    ☐ This case is hereby REMANDED to state court.

September 14, 2016
_____          _____
Date                                                 United States District Judge

CV-73 (08/16)          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**Attachment to *Arogant Hollywood, et al. v. Craig Doolittle, et al.*,**
**CV 16-6459-JGB (GJS)**

Between May 2015 and January 2016, Plaintiffs Arogant Hollywood
("Hollywood") and Alison Helen Fairchild ("Fairchild") (collectively,
"Plaintiffs"), together and individually, filed at least 25 cases in the Los Angeles
Superior Court.  These cases either were dismissed voluntarily by Hollywood and
Fairchild or resulted in judgments against them, with attendant awards of fees and
costs.  On February 8, 2016, the Los Angeles Superior Court concluded that
Hollywood and Fairchild may be vexatious litigants after making findings of:
"often improperly bringing several concurrent lawsuits based on the same alleged
violation of a primary right"; "the substantive lack of merit in the pleadings they
file"; "[d]ue to the consistent factual patterns and accelerated pace of the lawsuits
filed, it appears that the plaintiffs are suing people as a way of life"; and due to the
liberal grant of their fee waiver requests, "their actions have placed a significant
financial burden on the court."

Soon after, on April 7, 2016, the Los Angeles Superior Court declared
Hollywood and Fairchild to be vexatious litigants, reiterating the above-noted
findings and adding that, "with their recent wave of voluntary dismissals of cases,
they have shown a pattern of filing lawsuits and then dismissing them, usually after
a defendant files a demurrer or anti-SLAPP motion challenge."  The Los Angeles
Superior Court imposed a pre-filing order requirement upon Hollywood and
Fairchild, which requires them to obtain leave of the Presiding Judge before any
action can be filed.  [*See* Docket No. 7, ECF Page ID ## 261-268.][1]  Plaintiffs'
various appeals filed in connection with some of these state cases all have failed,
whether due to denials on the merits or dismissal by the state appellate court for
procedural reasons.[2]

Having been declared vexatious in the state court, it seems that Plaintiffs now
have moved on to federal court.  On August 25, 2016, Hollywood filed a civil

---

[1]     The Court has reviewed the Case Summaries for the actions referenced in the state court orders, which are
available online through the Los Angeles Superior Court website, and takes judicial notice of their contents pursuant
to Rule 201 of the Federal Rules of Evidence.

[2]     The Court also has reviewed, and takes judicial notice of the contents of, the dockets available
electronically for the California Court of Appeal and the California Supreme Court. They show, *inter alia*, that, in
2015 through 2016, Hollywood and Fairchild filed at least 11 appeals of the judgments and orders in the Los
Angeles County Superior Court cases, all of which were denied and/or dismissed in November 2015, December
2015, and August 2016.

complaint in this District against two individuals, in Case No. CV 16-6392-JGB (GJS). The next day, August 26, 2016, Hollywood and Fairchild instituted this action. Both cases stem from events that occurred after Plaintiffs moved into a single family rental home located at 224 N. Olive Avenue, Alhambra, California in May 2016 ("Residence").

The instant Complaint is 227 pages long and contains 26 causes of action.[3] The named Defendants are: Jennifer Gordon, the actual tenant of the Residence ("Gordon")[4]; Craig Doolittle ("Doolittle"); SoCal Evictions (allegedly owned by Doolittle); and Tung Yi Hsieh, the owner and landlord of the Residence ("Hsieh"). Plaintiffs allege that they moved into the Residence on May 16th and 17th, 2016,[5] although they did so without the required permission of landlord Hsieh.[6] A day later, Hollywood had an altercation with a neighbor, who was moving trash cans at a time Hollywood thought inappropriate. Two days later, Hsieh's agent ("Johnson") told Hollywood to leave the Residence or face removal by the police. In response, Hollywood accused the agent of discrimination, because he had failed to provide Plaintiffs with a rental application and to add them to Gordon's rental agreement. (Complaint at 8-9.)

Over the next 28 or so pages of the Complaint, Plaintiffs purport to quote e-mail and text messages sent in late May 2016 through August 9, 2016 between Gordon, Doolittle, and persons who are not parties to this action. There is no evidence before the Court how Plaintiffs obtained access to the e-mail and text accounts of other people, nor is there evidence that Plaintiffs had permission to access the personal e-mail and text accounts of these persons and publish their contents, and

---

[3]      The Complaint indicates it contains 25 causes of action, but there are two causes of action labeled "Twentieth" and two labeled "Twenty-Third," and none labeled "Twenty-Fourth."

[4]      Exhibits to the Complaint show that Gordon commenced her tenancy in late 2013, pursuant to a one-year lease agreement, which thereafter converted to a month to month tenancy, and that she alone has paid the $1,550 monthly rent since then and up through August 2016. (Plaintiffs' Appendix of Exhibits filed September 6, 2016 ("App."), Exs. 9-10.)

[5]      In the CV 16-6392 Complaint, also verified, Hollywood alleges that Fairchild moved into the Residence on May 20, 2016.

[6]      Gordon's rental agreement for the Residence precludes subletting without Hsieh's prior written consent. (See App., Ex. 10.) Although Plaintiffs allege that they are subtenants with respect to the Residence, plainly they are not, as they did not receive the landlord's permission to become subtenants and there is no allegation that they had a subtenancy agreement with Gordon and paid rent to Gordon (indeed, the allegations and Exhibits indicated they did not).

thus, a substantial question exists as to the propriety and admissibility of these allegations (and, further, the potentially actionable and/or illegal nature of Plaintiffs' conduct in obtaining and publishing them).[7] These messages (if their substance is correct) and the Complaint Exhibits evidence Gordon's unhappiness with Plaintiffs' continued presence in her home (who she labeled "uninvited guests") and ultimately unsuccessful efforts to obtain legal orders to evict Plaintiffs from the Residence. (*See* Complaint at 9-38.)

The Complaint Exhibits show that, almost immediately after Hollywood moved into the Residence at Gordon's invitation (and, without Gordon's permission, brought Fairchild with him), Gordon regretted her efforts to help Hollywood "get off the street" and, thus, she sought legal assistance. Approximately ten days after Hollywood and Fairchild moved into the Residence, Gordon sought a civil harassment restraining order against Hollywood, asking that he and Fairchild be "evicted." Gordon alleged that Hollywood moved in "temporarily as a 'friend'" and now "ex-friend" but refused to leave, he brought Fairchild, he had been verbally abusive and physically intimidating, and Gordon was afraid of him. The restraining order was denied that day on the ground that a restraining order cannot be used to "evict" people and was set for a June 6, 2016 hearing. (App., Exs. 15-17.) Gordon filed a second request on May 31, 2016, in which she elaborated on her reasons for fearing Hollywood, and explained that she has a mental illness and had met Hollywood (who was homeless and had been in jail) several months earlier, he verbally manipulated her and she made the mistake of trying to help him get off the street by allowing him to be a guest in her home, and that Fairchild had not been invited to stay at the Residence. A restraining order issued that same day requiring Hollywood to stay five yards away from Gordon, and a hearing was scheduled for June 21, 2016. Gordon did not appear at the June 21, 2016 hearing and the earlier order was dissolved and the case dismissed.[8] (App., Exs. 19-23.)

On July 12, 2016, an unlawful detainer action was filed against Plaintiffs, through the combined efforts of Gordon, Doolittle, and SoCal Evictions, but was voluntarily dismissed on August 10, 2016 (the "first unlawful detainer action").

---

[7]     *See, generally*, California Penal Code §§ 502, 630 *et seq.*

[8]     In the e-mails quoted in the Complaint, Gordon indicated that: she had pursued this relief without advising Hollywood and was concerned what he would do once he found out and would become her "enemy" and the situation at the house would deteriorate; because of this concern and her inability to obtain eviction relief through the restraining order, she decided not to have it served; and after speaking to a lawyer and the police, she believed an eviction proceeding would be necessary. (Complaint at 9-11.)

Plaintiffs allege that various improprieties occurred in connection with the first unlawful detainer action, such as service of a forged summons and the appearance at a hearing of a "dishonest" attorney. (Complaint at 18-37; App., Ex. 6.) On August 18, 2016, Hsieh filed an unlawful detainer action against Gordon and Plaintiffs, which apparently is pending. (*See* Docket 7, ECF # 279.) Gordon vacated the Residence the next day and took her personal property, including a stove and refrigerator, which Plaintiffs contend was done to harm them. (Complaint at 38-39.) On August 20, 2016, Hollywood spoke to Johnson and again accused the landlord and his agent of discrimination by their refusal to place Plaintiffs on Gordon's rental agreement, insisting that Plaintiffs were legally entitled to pay rent and stay in the residence without a rental agreement, because Gordon had been allowed to stay in a month to month tenancy, pursuant to her 2013 rental agreement, after her lease period expired in 2014. (Complaint at 39-40.)

Over the next seven pages, the Complaint contains repetitive allegations accusing Defendants of "cultivating a climate of hostility" and "discrimination" against Plaintiffs and of engaging in a pattern and practice of discrimination based upon race and disability. Plaintiffs allege that, as a result of Defendants' actions, they have suffered severe emotional distress and each has participated in "outpatient, residential, and in-patient psychiatric and psychotherapeutic treatment for suicidal thoughts." (*See* Complaint at 40-46.) Pages 46-216 of the Complaint contain the 26 causes of actions alleged, and pages 217-222 contain Plaintiffs' prayer for relief, which includes requests for injunctive and declaratory relief, and various types of damages. Plaintiffs have verified the Complaint at pages 224-227.

The Complaint suffers from at least two primary, and serious, defects. First, no viable federal claim is alleged. Second, the Complaint grossly and egregiously violates Rule 8 of the Federal Rules of Civil Procedure. In addition, the Court has substantial concerns under Rule 11 of the Federal Rules of Civil Procedure with respect to Hollywood's *in forma pauperis* application. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(A)&(B), leave to proceed *in forma pauperis* is not warranted, for the following reasons:

In his *in forma pauperis* declaration filed on August 26, 2016 [Dkt. 2], Hollywood alleges, under penalty of perjury, that he is employed by Fairchild, his fiancée, "through IHSS," a California in-home supportive services program, and is paid $1,160 a month. He alleges that he holds, on a monthly average, $1,200 in a

NetSpend Prepaid Account. It is unclear whether the funds in this account reflect Hollywood's IHSS payments alone or include some other source(s) of funds. Hollywood alleges that he does not own any stocks or bonds or valuable property. Although Hollywood alleges that he has not received "any money" from any other source within the prior 12 months, including from self-employment, Hollywood also apparently claims to be self-employed as a day trader. In his verified Complaint filed in the CV 16-6392-JGB (GJS) action (at 10-11), he states, under penalty of perjury, that on July 19, 2016, he told one of the Defendants in that case that he is employed as a day trader and had made $1,000 the day before pursuant to that employment. According to the e-mails from Gordon quoted in the Complaint, Hollywood was engaged in day trading to make money. (Complaint at 16, 18.) Hollywood maintains a Twitter page <https://twitter.com/arogant30, last viewed September 7, 2016>, in which he labels himself "Derivatives King" and describes his frequent purchases and sales and other trading activity over the 12 month period prior to his signature date on his *in forma pauperis* declaration.[9] This trading activity was not disclosed in Paragraph 2 of Hollywood's declaration, as required. On that same Twitter page, Hollywood notes that, on March 4, 2016, he bought a GoPro Hero+ LCD camera, which can retail for approximately $350 according to the Court's review of the Best Buy website. If Plaintiff has enough money to purchase items of this nature, it is unclear why he cannot pay his filing fee. And if Plaintiff's *sole* source of funds is his $1,160 monthly payments, yet he consistently is able to maintain a monthly account balance that *exceeds* that amount, it is unclear how he manages to do so as well as to pay for food, rent, and other of life's necessities. Accordingly, the Court finds Hollywood's *in forma pauperis* showing to be inadequate and to raise concerns under Rule 11, and under 28 U.S.C. § 1915(e)(2)(A), leave to proceed *in forma pauperis* should be denied as to Hollywood.

With respect to both Plaintiffs, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8(d)(1). Excessive verbiage and irrelevant comments "are neither simple, concise or direct," and prolix diatribes do not constitute acceptable pleading. *Walter Reade's Theatres, Inc. v. Lowes, Inc.*, 20 F.R.D. 579, 582 (S.D.N.Y. 1957) (noting that the purpose of Rule 8 "is to avoid verbose allegations" and that defendants should not be required to plead in

---

[9]     For example, in December 5, 2015 posts, Hollywood states that he "killed the market this week" and "realized gains" that week, and he posted a list of his trades and profits. On May 27, 2016, he posted that he was "UP NEARLY $300.00 on only a 3 day trade."

response to irrelevant allegations).  A complaint that is "argumentative, prolix, replete with redundancy and largely irrelevant" may be dismissed.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996).  The Court finds the instant Complaint to be the type of prolix, argumentative, and redundant pleading that the Ninth Circuit has found may be dismissed under Rule 8.

The facts here appear to be relatively simple, yet the Complaint unnecessarily and improperly spends approximately 45 pages setting them forth (along with eight pages in the Appendix of Exhibits) in an argumentative, vituperative, and redundant manner.  Allegations often are scathing and dramatic, such as accusing Defendants of engaging in "shocking discrimination" that is "unacceptable in any form of rental of a single family residence within the United States of America, and a civilized society cannot tolerate such behavior," and which constitutes a "pattern and practice" of racial and disability discrimination.  (Complaint at 41, 45.)  Allegations also are grossly repetitive; rather than simply state that both Plaintiffs allege "X," they split the allegations into two separate and lengthy paragraphs, so that Fairchild alleges something and then, in a separate paragraph, Hollywood makes an identical allegation.  (*See, e.g.,* Complaint at 41-45.)

When Plaintiffs finally get to alleging their causes of action starting at the bottom of Page 46, these same improprieties continue throughout the 170 pages on which Plaintiffs set forth their 26 claims.  For example, in the Second Cause of Action, rather than simply alleging in a single one or two sentence paragraph that Hsieh violated Title VIII of the Civil Rights Act by doing X, Y and Z, Plaintiffs draw the allegation out over six separate, yet redundant, paragraphs and almost a full page.  (Complaint at 59-60.)  This type of wholly unnecessary verbosity and redundancy permeates their 26 claims.  In the middle of the causes of action section of the Complaint, for no apparent reason, Plaintiff Hollywood interjects a seven-page "Preliminary Factual Allegations" section that is wholly duplicative of previous allegations, including repeating Plaintiffs' initial allegations regarding venue, the identities of Defendants, etc.  (Complaint at 73-79.)  In addition, single causes of action often are split in two, *i.e.,* each Plaintiff separately pleads the same claim, resulting in the duplicate assertion of claims that should have been pled as one.  (*See, e.g.,* Tenth and Eleventh Causes of Action (pages 95-109), Fifteenth and Sixteenth Causes of Action (pages 125-45), Seventeenth and Eighteenth Causes of Action (pages 145-60), Nineteenth and Twentieth Causes of Action (pages 160-78), "Twentieth" (duplicate numbering) and Twenty-First Causes of Action (pages 178-202), and Twenty-Second and Twenty-Third Causes of Action (pages 202-

11).) Entire paragraphs are repeated substantially verbatim multiple times throughout the Complaint. Contrary to federal pleading rules, Plaintiffs continuously set forth dissertations on various state and federal laws and, in often dramatic fashion, Plaintiffs' views of the impetus and operability of such laws, complete with case and statutory citations and quotations. (*See, e.g.,* Complaint at 55-58, 64-66, 70-72, 97-102, 103-07, 110-11, 113-12, 118-20, 127-33, 137-44, 147-50, 154-58, 162-67, 171-76, 180-82, 192-95, 203-05, and 208-09.) These lengthy exegeses in turn often are repeated *in toto* subsequently in the Complaint due to the improper splitting of claims between Plaintiffs, thereby improperly inflating the Complaint with pages and pages of repetitive legal argument and briefing that have no place in a properly pleaded federal complaint. Plaintiffs also improperly include within many of their causes of action lengthy descriptions of the relief sought – the same requests for damages and other relief repeated over and over in the 47 paragraph, seven-page Prayer for Relief.

Bloated pleadings like the instant Complaint – which are replete with, and grossly inflated by, lengthy legal argument, unwarrantedly repetitive allegations, personal opinions, and ad hominem attacks on others – render the required Section 1915(e) screening process arduous and unmanageable, and unduly detract from limited Court resources and the time available to other litigants. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir. 1981) (affirming Rule 8 dismissal of "poorly drafted" pleading and observing that "the rights of litigants awaiting their turns to have other matters resolved must be considered"). Pleadings of this nature also make it difficult for a defendant to properly respond and for litigation to proceed in an orderly fashion. While Plaintiffs are *pro se*, they nonetheless are required to comply with applicable rules, including Rule 8. A review of the Complaint allegations, when read in the light of Plaintiffs' history of vexatious litigation, indicates that the redundant, improper, and seemingly interminable nature of the Complaint was calculated, *i.e.*, as a bludgeon to render Defendants' ability to respond as difficult as possible. This, of course, is directly contrary to the purpose of Rule 8, and warrants dismissal. *See Johnson v. Hunger*, 266 F. Supp. 590, 591 (S.D.N.Y. 1967) (dismissing complaint under Rule 8 that, as here, "represent[ed] a confusing and foggy mixture of evidentiary statements, arguments and conclusory matter" and if "permitted to stand, the defendants would be unable to file meaningful answers to much of what is alleged" and "would be forced to reply in kind by pleading further prolix matter"); *see also Carrigan v. California State Legislature*, 263 F.2d 560, 566-67 (9th Cir. 1959) (affirming Rule 8 dismissal of *pro se* complaint that alleged legal theories in 27 pages and prayer

7

for relief in last nine pages, and sandwiched in between were 150 pages of evidentiary assertions, conclusions, self-serving statements, and expressions of plaintiff's emotions and her impressions of why people acted the way they had).

Finally, the Court turns to the threshold jurisdictional question, because a federal court always is obligated to assess this lynchpin issue. Plaintiffs bring seven claims under various federal statutes, and they purport to found jurisdiction on those claims, *i.e.*, federal question jurisdiction. These seven causes of action, however, fail to state cognizable claims across the board.

The Second Cause of Action is brought by both Plaintiffs under the Fair Housing Act, 42 U.S.C. §§ 3601-19. Plaintiffs contend they were the subject of unlawful discrimination by the Defendants within the meaning of this Act, because of: Gordon's efforts to obtain a restraining order against Hollywood; the institution of the first unlawful detainer action; threats to "use deadly force" to remove Plaintiffs from the Residence[10]; and Hsieh's refusal to enter into a rental agreement with Plaintiffs and modify the Residence to accommodate Fairchild. The central flaw in this claim (as well as the other federal claims), however, is that is it premised on the frivolous notion that Plaintiffs had a federally enforceable legal right to possession of the Residence. Both the allegations of, and Exhibits to, the Complaint show that Plaintiffs had no tenancy or other rights in the Residence. Gordon invited Hollywood to stay with her as a guest and he brought Fairchild along without Gordon's permission. Neither paid rent and they were not subtenants, as Gordon had no authority to sublet without her landlord's permission. Almost immediately after Gordon extended this invitation to Hollywood, she regretted it and made a variety of efforts to remove Plaintiffs from her home; the Exhibits to the Complaint, as well as the e-mails quoted throughout the Complaint, make abundantly clear that Gordon wanted Plaintiffs gone from the Residence shortly after they arrived. (*See* Complaint at 9-18, 20-24, 34; App., Exs. 15-16, 19-22.) Hsieh had an existing tenant who had been paying the full rental for the Residence since 2013 (Gordon) and who was continuing to do so; he had no legal obligation to make Plaintiffs additional tenants when Gordon, his tenant, wanted them off the property (indeed, he presumably would have violated California law by forcing such co-tenants upon Gordon against her will). As Plaintiffs had no legal right to reside in the Residence, Hsieh had no legal obligation to rent to them

---

[10]     This assertion apparently is premised on Plaintiffs' allegation that, on May 20, 2016, Johnson told Hollywood that, if he did not vacate the premises within 72 hours, Johnson "would have the Alhambra Police department remove him." (Complaint, ¶ 18.) This is an illustrative example of the hyperbole that permeates the Complaint.

or modify the premises, and taking legal action such as invoking the unlawful detainer remedy cannot serve as the basis for a Fair Housing Act violation under these circumstances. Construed liberally in Plaintiffs' favor, they were at most unwanted houseguests or roommates of Gordon's, and therefore, they lack any legal entitlement to invoke, and seek to enforce, the Fair Housing Act. *Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219-22 (9th Cir. 2012).

The Third Cause of Action is brought by Fairchild under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12203. She contends that the first unlawful detainer action was a retaliatory act stemming from her request to have the Residence modified to accommodate her and that Hsieh additionally violated Section 12203 by refusing to allow a ramp to be installed at the Residence. As to the latter contention, Section 12203 is an anti-retaliation provision. A landlord's refusal to allow someone who is not a tenant at one of his properties (and who at best is an uninvited and unwanted houseguest who will not leave) to modify the property cannot, under any liberal construction of pleading rules, be found to state a viable retaliation claim under Section 12203. With respect to Fairchild's first contention, her ADA claim necessarily fails on its face for two reasons. First, the third element of a viable Section 12203 retaliation claim is causation. *See, e.g., Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004). The Complaint cannot be read to state any plausible basis for finding that the first unlawful detainer action was instituted in retaliation for Fairchild's desire to have a ramp installed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face). Plaintiffs' own allegations, and the Exhibits to the Complaint, state that the first unlawful detainer action came about because, in ten or less days after Gordon invited Hollywood to stay at her home, Gordon wanted Plaintiffs out of her home; indeed, as Plaintiffs allege, she paid the fees for the first unlawful detainer action and actively cooperated with Doolittle in its filings. Reading the Complaint as a whole, there simply is no plausible basis for finding that Gordon did so because of a desire to retaliate against Fairchild over Fairchild's desire for a ramp. Second, the relief sought in connection with the Third Cause of Action is damages. (Complaint, ¶¶ 187-88.) Compensatory and punitive damages are not available for ADA retaliation claims under Section 12203. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009).

The Ninth Cause of Action is brought by Hollywood against Hsieh under 42

9

U.S.C. § 1981. Hollywood alleges that Hsieh engaged in racial discrimination when he refused to enter into a rental agreement with Hollywood and sought to evict him through the first unlawful detainer action. A claim is facially plausible only when it pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The Complaint does not meet this standard and cannot do so. As noted earlier, under Plaintiff's own allegations and Exhibits: the first unlawful detainer action resulted from Gordon's desire to have her unwanted houseguests removed from the Residence; and Hollywood was at most initially a guest who quickly became unwanted (and against whom Gordon obtained a restraining order) and whose presence in the Residence was contrary to Gordon's rental agreement. Within a day of moving into the Residence, Hollywood was involved in an altercation with a neighbor who reported the incident to Hsieh's agent. There is nothing in the Complaint that could give rise to the inference that, under these circumstances, Hsieh's refusal to enter into a rental agreement was racially motivated. As the Supreme Court has cautioned, a "formulaic recitation of the elements of a cause of action will not do," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 533, 555 (2007). Hollywood's assertion of racial discrimination is speculative, and in light of the Complaint's other allegations and Exhibits, does not and cannot state a Section 1981 claim that is plausible on its face.

Plaintiffs' Tenth and Eleventh Causes of Action, brought under 42 U.S.C. § 1985(3), fail for the same reason. Plaintiffs contend that Defendants conspired to deprive Plaintiffs of their constitutional rights by seeking to evict them from the Residence pursuant to the first unlawful detainer action and by refusing to enter into a rental agreement with them for the Residence. The inherent defect in this claim is obvious. Section 1985(3) applies only when a conspiracy has as its goal depriving someone of his or her federally protected rights to equal protection and equal privileges and immunities under federal law. In addition, a plaintiff "must allege that an independent federal right has been infringed. Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the rights or laws violated must be found elsewhere." *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004). Plaintiffs, however, had no federal right – whether under the Equal Protection Clause or the Privileges and Immunities Clause or otherwise – to reside in the Residence. As already noted, they were not subtenants and were at most initially houseguests (at least Hollywood had received

an initial invitation, although not Fairchild) whose initial invitation by Gordon had been rescinded, given her efforts ten days after their arrival to obtain legal relief to get them out of her home and her subsequent efforts in connection with the first unlawful detainer action. Given the circumstances, the notion that Hsieh had a federal constitutional obligation to enter into a rental agreement with Plaintiffs and/or to allow them to remain in the Residence – against his actual tenant's wishes – is frivolous. Thus, any purported conspiracy could not have had, as its object, depriving Plaintiffs of purported federal rights that they did not possess. To the extent that Plaintiffs try to bring themselves within the ambit of Section 1985(3) by referencing Hollywood's race and Fairchild's disability, the Complaint does not state any plausible basis for finding that Defendants' efforts, including with respect to the first unlawful detainer action or the landlord's declination to enter into a rental agreement with persons his tenant wanted gone, were the product of race or class-based animus, as is required to state a viable Section 1985(3) claim; indeed, the allegations of and Exhibits to the Complaint preclude any such inference. Finally, a viable Section 1985(3) claim requires an injury, that is, the deprivation of federally-protected rights enjoyed by all. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). No such injury is alleged in connection with this claim nor could one be consistent with Rule 11, given that the first unlawful detainer action was dismissed and Plaintiffs had no constitutional right to reside in, and obtain a rental agreement for, the Residence.

Plaintiffs' Twelfth Cause of Action is brought under 42 U.S.C. § 1986 against Hsieh. A viable Section 1986 claim requires state action by the defendant. *See, e.g., Cerrato v. San Francisco Comm. College Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). None is alleged on Hsieh's part nor could it be under the facts alleged. Thus, this claim is legally frivolous. In addition, a Section 1986 claim does not exist unless a viable Section 1985 claim has been stated. *See, e.g., Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). As Plaintiffs have not stated a viable Section 1985 claim, their Section 1986 claim necessarily fails.

Finally, the Thirteenth Cause of Action is brought by Hollywood under 42 U.S.C. § 2000d against Hsieh, which prohibits discrimination in any program or activity that receives federal financial assistance. Hollywood alleges conclusorily that "Hsieh is a recipient of federal financial assistance." (Complaint at 114, line 10.) To the extent that Hollywood intends, by this sworn allegation, to aver that Hsieh receives federal financial assistance in connection with his ownership and rental of the Residence, the Court has Rule 11 concerns, as there is *nothing* in the

11

Complaint that provides any support for this assertion and it appears to be factually baseless.[11]  Indeed, the Residence is alleged to be a privately-owned home that was rented by Gordon in 2013 pursuant to a written rental agreement; there is no basis for believing it to be federally-funded public housing.  Section 2000d simply does not apply to private rental situations like this, and the Thirteenth claim seems to be a particularly craven attempt to manufacture federal jurisdiction that does not exist. At a minimum, the claim is legally frivolous within the meaning of *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

None of the seven claims that serve as the asserted bases for federal question jurisdiction over the Complaint state a claim upon which relief can be granted and, as discussed above, many are patently frivolous.  It is plain that they could not state cognizable claims even if the Complaint were to be amended, and thus, leave to amend these claims is not warranted.  Accordingly, under 28 U.S.C. § 1915(e)(2)(B), the federal claims must be dismissed and, thus, leave to bring them on an *in forma pauperis* basis is not warranted.  This leaves the over 20 state law claims also alleged in the Complaint.  Because this case is at an early stage, the Court recommends that supplemental jurisdiction be declined over the remaining state law claims.  28 U.S.C. § 1367(c)(3).  Accordingly, leave to proceed on these claims on an *in forma pauperis* basis also is not warranted.

---

[11]     If, instead, Hollywood has a factual basis for believing that Hsieh receives federal financial assistance in some other context (such as a student loan or some other property), the Thirteenth Cause of Action still cannot state to state a viable claim.  Section 2000d requires a nexus between the defendant's discriminatory conduct and the specific program or activity pursuant to which he receives federal funding.  *See, e.g., David K. v. Lane*, 839 F.2d 1265, 1275 (7th Cir. 1988).

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of West Covina, California; my business address is 1609 West Garvey Ave. North, West Covina, CA 91790.

On the date below, I served a copy of the following document(s):

ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS

on all interested parties in said case addressed as follows:
**via First Class U.S. Mail, Postage Prepaid:**

Arogant Hollywood
Alison Helen Fairchild
1308 East Colorado Blvd.,
Pasadena, CA 91106
Plaintiffs in Pro-Se

**BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in West Covina, California, in sealed envelopes with postage fully thereon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in West Covina, California, on September 26, 2016.

/s/   Oxana Denisenko
Oxana Denisenko

1
PROOF OF SERVICE

Case 2:16-cv-06459-JGB-GJS Document 7-2 Filed 08/30/16 Page 1 of 4 Page ID #:265
Case 1:16-cv-07275-CM Document 6 Filed 09/29/16 Page 18 of 36

Page 1 of 4

## DEPARTMENT 1 LAW AND MOTION RULINGS

**Case Number: GS015126   Hearing Date: April 07, 2016   Dept: 1**

#1 – Alison Helen Fairchild v. Jean Lee (GS 015 126)
#2 – Arogant Hollywood v. Jean Lee (GS 015 127)
#3 – Arogant Hollywood and Alison Helen Fairchild v. Wang Lin Hui Chuan and Golden Enterprises Inc. (BC 581 193)
#4 – Arogant Hollywood and Alison Helen Fairchild v. Wang Lin Hui Chuan and Wang's Golden Enterprises Inc. (BC 582 429)
#5 – Arogant Hollywood and Alison Helen Fairchild v. Gerald Wang and Hi-Way Host Motel LP (BC 591 990)
#6 – Arogant Hollywood and Alison H. Fairchild v. Michael W. Ludecke, Jackie Turner, Ludecke Family Limited Partnership, Ludecke Property Management, and Century 21 Ludecke (BC 594 846)
#7 – Arogant Hollywood v. Toshiba America Inc. (15 G 06635)
#8 – Arogant Hollywood and Alison H. Fairchild v. Russell Lee Sung (BC 596 752)
#9 – Arogant Hollywood and Alison H. Fairchild v. Brett Daniel Barnard; Barnard Foothill I, LLC; Barnard Foothill Co-Manager, LLC; Owens and Barnard Investments, LLC; and Hawthorne Storbox I, LLC (BC 598 349)
#10 – Arogant Hollywood and Alison H. Fairchild v. K.V. Mart Company (BC 599 941)
#11 – Arogant Hollywood and Alison H. Fairchild v. Starbucks (BC 599 942)
#12 – Arogant Hollywood and Alison H. Fairchild v. AirBNB Inc. (BC 601 165)
#13 – Arogant Hollywood and Alison H. Fairchild v. Laura Flores (BC 601 166)
#14 – Arogant Hollywood and Alison H. Fairchild v. Vicki Yang and Ben Yang (BC 601 167)
#15 – Arogant Hollywood and Alison H. Fairchild v. Anne Floane (BC 601 168)
#16 – Arogant Hollywood and Alison H. Fairchild v. Brett Daniel Barnard (BC 602 189)
#17 – Arogant Hollywood and Alison H. Fairchild v. Michael Doswell (BC 602 190)
#18 – Arogant Hollywood and Alison H. Fairchild v. Stephen E. Ensberg (BC 602 762)
#19 – Arogant Hollywood and Alison H. Fairchild v. John Doe (BC 602 763)
#20 – Arogant Hollywood and Alison H. Fairchild v. Del Taco Restaurants Inc.; Del Taco LLC; Del Taco Restaurant Properties I, II, & III; Del Taco Restaurant Services, Inc. (BC 602 764)
#21 – Arogant Hollywood and Alison H. Fairchild v. McDonald's Corporation (BC 602 983)
#22 – Arogant Hollywood and Alison H. Fairchild v. Starbucks (BC 603 671)
#23 – Arogant Hollywood and Alison H. Fairchild v. Ross Stores Inc. (BC 604 140)
#24 – Arogant Hollywood and Alison H. Fairchild v. Cecilia Shutan (BC 605 023)
#25 – Arogant Hollywood and Alison H. Fairchild v. Performance Team Freight Systems (BC 605 024)
#26 – Arogant Hollywood and Alison H. Fairchild v. Marsden Building Maintenance LLC (BC 605 025)
#27 – Arogant Hollywood and Alison H. Fairchild v. George Patel and Aqua Inn Motel (BC 606 737)
#28 – Arogant Hollywood and Alison H. Fairchild v. The Vons Companies Inc. (BC 607 945)

In a February 8, 2016 order, this court scheduled an April 7, 2016 hearing on an Order to Show Cause ("OSC") re: why Arogant Hollywood and Alison H. Fairchild, an engaged couple who usually file cases jointly, should not be declared vexatious litigants and be subject to pre-filing orders, prohibiting any new litigation in the courts of this state in propria persona without first



obtaining leave of the Presiding Judge of the court where the litigation is proposed. CCP § 391.7(a).

At a March 1, 2016 hearing in Department 52 in case BC 602 190, Mr. Hollywood stated that his legal name is John Walton. Court records do not reflect that Mr. Hollywood has filed cases in propria persona under his legal name, and therefore for convenience herein he will be referred to only as Arogant Hollywood.

The vexatious litigant statutes, viz., CCP §§ 391 – 391.7, are designed to curb misuse of the court system by those persistent and obsessive litigants who, by repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. Shalant v. Girardi (2011) 51 Cal. 4th 1164, 1169. Section 391(b) defines the term "vexatious litigant" as a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, re-litigated or attempted to re-litigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action. Id. at 1169-1170.

No response to the OSC has been received from Mr. Hollywood and/or Ms. Fairchild.

A succinct joinder to the court's OSC was filed by case BC 606 737 defendant Navin Patel & Champa Patel Revocable Living Trust dated 3-1-1998 on behalf of the trustees Deepak Patel, Kripali Priti Patel, Navin Patel, and Champa Patel and as owner of The Aqua Inn Motel. Included in the joinder is a request that the court order the plaintiffs to furnish security pursuant to CCP § 391.3 (a). CCP § 391.3 relief is only available after the defendant has filed a noticed motion pursuant to CCP § 391.1, accompanied by the evidence specified. As this has not occurred, this court cannot grant the relief sought and the court shall take no further action on the filed document, without prejudice to the defendant filing the proper motion in his case.

As is indicated and detailed in this court's above-noted order, pursuing unmeritorious or frivolous litigation tactics validly describes the conduct of Mr. Hollywood and Ms. Fairchild.

From just May 6, 2015 to present, court records show that they have jointly filed at least 25 actions in propria persona: Arogant Hollywood and Alison Helen Fairchild v. Wang Lin Hui Chuan and Golden Enterprises Inc. (BC 581 193); Arogant Hollywood and Alison Helen Fairchild v. Wang Lin Hui Chuan and Wang's Golden Enterprises Inc. (BC 582 429); Arogant Hollywood and Alison Helen Fairchild v. Gerald Wang and Hi-Way Host Motel LP (BC 591 990); Arogant Hollywood and Alison H. Fairchild v. Michael W. Ludecke, Jackie Turner, Ludecke Family Limited Partnership, Ludecke Property Management, and Century 21 Ludecke (BC 594 846); Arogant Hollywood and Alison H. Fairchild v. Russell Lee Sung (BC 596 752); Arogant Hollywood and Alison H. Fairchild v. Brett Daniel Barnard; Barnard Foothill I, LLC; Barnard Foothill Co-Manager, LLC; Owens and Barnard Investments, LLC; and Hawthorne Storbox I, LLC (BC 598 349); Arogant Hollywood and Alison H. Fairchild v. K.V. Mart Company (BC 599 941); Arogant Hollywood and Alison H. Fairchild v. Starbucks (BC 599 942); Arogant Hollywood and Alison H. Fairchild v. AirBNB Inc. (BC 601 165); Arogant Hollywood and Alison H. Fairchild v. Laura Flores (BC 601 166); Arogant Hollywood and Alison H. Fairchild v. Vicki Yang and Ben Yang (BC 601 167); Arogant Hollywood and Alison H. Fairchild v. Anne Floane (BC 601 168); Arogant Hollywood and Alison H. Fairchild v. Brett Daniel Barnard (BC 602 189); Arogant Hollywood and Alison H. Fairchild v. Michael Doswell (BC 602 190); Arogant Hollywood and Alison H. Fairchild v. Stephen E. Ensberg (BC 602 762); Arogant Hollywood and Alison H. Fairchild v. John Doe (BC 602 763); Arogant Hollywood and Alison H. Fairchild v. Del Taco Restaurants Inc.; Del Taco LLC; Del Taco Restaurant Properties I, II, & III; Del Taco Restaurant Services, Inc. (BC 602 764); Arogant Hollywood and Alison H. Fairchild v. McDonald's Corporation (BC 602 983); Arogant



Hollywood and Alison H. Fairchild v. Starbucks (BC 603 671); Arogant Hollywood and Alison H. Fairchild v. Ross Stores Inc. (BC 604 140); Arogant Hollywood and Alison H. Fairchild v. Cecilia Shutan (BC 605 023); Arogant Hollywood and Alison H. Fairchild v. Performance Team Freight Systems (BC 605 024); Arogant Hollywood and Alison H. Fairchild v. Marsden Building Maintenance LLC (BC 605 025); Arogant Hollywood and Alison H. Fairchild v. George Patel and Aqua Inn Motel (BC 606 737); and Arogant Hollywood and Alison H. Fairchild v. The Vons Companies Inc. (BC 607 945).

Additionally, in 2013 each of them separately initiated a civil harassment action as follows: Alison Helen Fairchild v. Jean Lee (GS 015 126) and Arogant Hollywood v. Jean Lee (GS 015 127). And in 2015 Mr. Hollywood separately filed small claims case Arogant Hollywood v. Toshiba America Inc. (15 G 06635).

At the time of the court's earlier order, fewer than five non-small claims cases had been finally determined adversely to the plaintiffs. However, since then, many additional cases have been determined adversely to them: consolidated cases BC 594 846, BC 596 752, and BC 602 762 were all dismissed on March 4, 2016 pursuant to court order in lead case BC 594 846; additionally, plaintiffs voluntarily dismissed cases BC 598 349 and BC 602 189 on March 1, 2016; cases BC 599 942, BC 602 763, and BC 602 764 on March 3, 2016; and case BC 605 024 on March 4, 2016. An action voluntarily dismissed by a plaintiff is considered to be a case "finally determined adversely" to that litigant for purposes of CCP § 391(b)(1), in that such a case is "nevertheless a burden on the target of the litigation and the judicial system." Tokerud v. Capitolbank Sacramento (1995) 38 Cal. App. 4th 775, 779. Consequently, as seen in the court's earlier order and above, in the past seven years at least 10 non-small claims actions filed in propria persona by Mr. Hollywood and by Ms. Fairchild have now been determined adversely to each of them.

Additionally, as seen above and in the Court's February 8, 2016 order, Mr. Hollywood and Ms. Fairchild have repeatedly filed unmeritorious pleadings and engaged in tactics that are frivolous or solely intended to cause unnecessary delay. They have repeatedly filed several concurrent lawsuits based on the same alleged violation of a single primary right, as specified at length in that earlier order. They have repeatedly filed pleadings that on their face lack merit, as described in detail in that order, and appear to be filing lawsuits as a way of life. And with their recent wave of voluntary dismissals of cases, they have shown a pattern of filing lawsuits and then dismissing them, usually after a defendant files a demurrer or anti-SLAPP motion challenge.

Because the court liberally grants their fee waiver requests, the actions of Mr. Hollywood and Ms. Fairchild have placed a significant financial burden on the court.

As Mr. Hollywood and Ms. Fairchild have not filed a response to this OSC, there is no excuse presented for these failures and cited concerns.

CCP § 391(b) defines a vexatious litigant as a person who does any of the following:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action,



EXHIBIT 2

4/6/2016

claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

A pre-filing order under CCP § 391.7 may be made on the court's own motion, without "pending litigation" as a requisite. See Bravo v. Ismaj (2002) 99 Cal. App. 4th 211, 222-223. Since the term "court" for purposes of the California Code of Civil Procedure means a superior court of this state, and includes – when the context requires – any judge of the court [CCP § 194(b)], this court may exercise the authority described in CCP § 391.7(a), especially in light of the powers delegated to it by the Presiding Judge [See CCP § 391.7(e), CRC 10.603(b)(1)(G) and LASC Local Rules 1.2 and 1.4].

Here, as seen above and in the court's February 8, 2016 order, the court finds Mr. Hollywood and Ms. Fairchild are vexatious litigants as defined by CCP § 391(b)(1), in that in the last seven years they have each filed or litigated at least five non-small claims actions that have been finally determined against each of them. Also, the court finds Mr. Hollywood and Ms. Fairchild are vexatious litigants as defined by CCP § 391(b)(3), in that they have improperly and repeatedly filed concurrent cases based on the same alleged violation of a single primary right; filed numerous pleadings that on their face lack merit; repeatedly filed initial pleadings and dismissed the cases, particularly after a challenge by the defendants; and in general appear improperly to be suing people as a way of life.

Thus, the court finds there are two separate grounds for finding Mr. Hollywood and Ms. Fairchild to be vexatious litigants.

Accordingly, the court declares Arogant Hollywood aka John Walton and Alison H. Fairchild aka Alison Helen Fairchild to be vexatious litigants and subject to a pre-filing order, prohibiting the filing of any new litigation in the courts of this state, in propria persona, without first obtaining leave of the Presiding Judge of the court where the litigation is proposed. See CCP § 391.7(a). This applies to cases they wish to file together as well as cases they wish to file individually, and includes the filing of any small claims cases. The Presiding Judge will permit filing of new litigation only upon a showing that the proposed new litigation has merit and has not been filed for the purposes of harassment or delay. See CCP § 391.7(b).

Disobedience of these orders may be punished as a contempt of court. CCP § 391.7(a)



EXHIBIT 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16                                                                   **DEPT. 1**

HONORABLE KEVIN C. BRAZILE          JUDGE  J. MANRIQUE          DEPUTY CLERK

HONORABLE                           JUDGE PRO TEM             ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.          Deputy Sheriff  NONE          Reporter

---

BC606737

AROGANT HOLLYWOOD ET AL          Plaintiff
VS                               Counsel          NO APPEARANCES
GEORGE PATEL ET AL               Defendant
                                 Counsel

***NO LEGAL FILE***

---

NATURE OF PROCEEDINGS:

COURT ORDER RE VEXATIOUS LITIGANT DESIGNATION OF
AROGANT HOLLWOOD AND ALISON HELEN FAIRCHILD AKA
ALISON H. FAIRCHILD;

The vexatious litigant statutes, viz., CCP §§ 391 -
391.7, are designed to curb misuse of the court
system by those persistent and obsessive litigants
who, by repeatedly litigating the same issues
through groundless actions, waste the time and
resources of the court system and other litigants.
Shalant v. Girardi (2011) 51 Cal. 4th 1164, 1169.
CCP § 391(b) defines the term "vexatious litigant"
as a person who has, while acting in propria
persona, initiated or prosecuted numerous meritless
litigations, re-litigated or attempted to
re-litigate matters previously determined against
him or her, repeatedly pursued unmeritorious or
frivolous tactics in litigation, or who has
previously been declared a vexatious litigant in a
related action.  Id. at 1169-1170.

Since just May 2015, engaged couple Arogant
Hollywood and Alison Helen Fairchild aka Alison H.
Fairchild have initiated or litigated - in propria
persona - at least the following 24 actions jointly;
additionally, in 2013 each of them separately
initiated a civil harassment action; and in 2015 Mr.
Hollywood initiated a separate small claims action
as follows:

                    Page   1 of 13    DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: C2/08/16 | DEPT. 1 |
| HONORABLE KEVIN C. BRAZILE   JUDGE | J. MANRIQUE    DEPUTY CLERK |
| HONORABLE      JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. ECHON, C.A.    Deputy Sheriff | NONE      Reporter |

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel
     NO APPEARANCES
Defendant
Counsel

***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

- GS 015 126 (filed August 7, 2013) - Alison
Helen Fairchild v. Jean Lee - civil harassment
restraining order denied on August 27, 2013.

- GS 015 127 (filed August 7, 2013) - Arogant
Hollywood v. Jean Lee - civil harassment
restraining order denied on August 27, 2013.

- BC 581 193 (filed May 6, 2015) - Arogant
Hollywood and Alison Helen Fairchild v. Wang
Lin Hui Chuan and Golden Enterprises Inc. -
pending in Department 53.

- BC 582 429 (filed May 20, 2015) - Arogant
Hollywood and Alison Helen Fairchild v. Wang
Lin Hui Chuan and Wang's Golden Enterprises
Inc. - pending in Department 47.

- BC 591 990 (filed August 19, 2015) - Arogant
Hollywood and Alison Helen Fairchild v. Gerald
Wang and Hi-Way Host Motel LP - pending in
Department 97.

- BC 594 846 (filed September 16, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Michael W. Ludecke, Jackie Turner, Ludecke
Family Limited Partnership, Ludecke Property
Management, and Century 21 Ludecke - on
December 16, 2015 Judge Yvette Palazuelos in

Page    2 of 13    DEPT. 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/08/16 | DEPT. 1 |
| HONORAILE KEVIN C. BRAZILE        JUDGE | J. MANRIQUE        DEPUTY CLERK |
| HONORAILE        JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. ECHON, C.A.        Deputy Sheriff | NONE        Reporter |

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

Department 28 consolidated cases BC 602 762 and
BC 596 752 with this as the lead case and on
January 5, 2016 granted this case's defendants'
anti-SLAPP motion, striking the complaint and
first amended complaint.

- 15 G 06635 (filed September 18, 2015) -
Arogant Hollywood v. Toshiba America Inc. -
small claims action dismissed at December 7,
2015 trial, pursuant to plaintiff's oral
motion.

- BC 596 752 (filed October 1, 2015) - Arogant
Hollywood and Alison H. Fairchild v. Russell
Lee Sung - consolidated with case BC 594 846 on
December 16, 2015, case pending in Department
28.

- BC 598 349 (filed October 19, 2015) - Arogant
Hollywood and Alison H. Fairchild v. Brett
Daniel Barnard; Barnard Foothill I, LLC;
Barnard Foothill Co-Manager, LLC; Owens and
Barnard Investments, LLC; and Hawthorne Storbox
I, LLC- case pending reassignment after Judge
Michael L. Stern recused himself on January 14,
2016.

- BC 599 941 (filed November 3, 2015) - Arogant
Hollywood and Alison H. Fairchild v. K.V. Mart
Company - pending in Department 62.

Page   3 of 13   DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16

**DEPT. 1**

HONORABLE KEVIN C. BRAZILE        JUDGE | J. MANRIQUE        DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.        Deputy Sheriff | NONE        Reporter

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel        NO APPEARANCES

Defendant
Counsel

***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

- BC 599 942 (filed November 3, 2015) - Arogant
Hollywood and Alison H. Fairchild v. Starbucks
- pending in Department 28.

- BC 601 165 (filed November 16, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
AirBNB Inc. - pending in Department 74.

- BC 601 166 (filed November 16, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Laura Flores - pending in Department 53.

- BC 601 167 (filed November 16, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Vicki Yang and Ben Yang - pending in Department
39.

- BC 601 168 (filed November 16, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Anne Floane - pending in Department 39.

- BC 602 189 (filed November 24, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Brett Daniel Barnard - pending in Department
68.

- BC 602 190 (filed November 24, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Michael Doswell - pending in Department 52.

Page  4 of 13    DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16

**DEPT. 1**

HONORABLE KEVIN C. BRAZILE      JUDGE    J. MANRIQUE      DEPUTY CLERK

HONORABLE                JUDGE PRO TEM               ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.      Deputy Sheriff    NONE           Reporter

| BC606737 | Plaintiff Counsel | |
|---|---|---|
| AROGANT HOLLYWOOD ET AL VS GEORGE PATEL ET AL | Defendant Counsel | NO APPEARANCES |

***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

- BC 602 762 (filed December 1, 2015) - Arogant Hollywood and Alison H. Fairchild v. Stephen E. Ensberg - consolidated with case BC 594 846 on December 16, 2015, case pending in Department 28.

- BC 602 763 (filed December 1, 2015) - Arogant Hollywood and Alison H. Fairchild v. John Doe - pending in Department 34.

- BC 602 764 (filed December 1, 2015) - Arogant Hollywood and Alison H. Fairchild v. Del Taco Restaurants Inc.; Del Taco LLC; Del Taco Restaurant Properties I, II, & III; Del Taco Restaurant Services, Inc. - pending in Department 20.

- BC 602 983 (filed December 7, 2015) - Arogant Hollywood and Alison H. Fairchild v. McDonald's Corporation - pending in Department 69.

- BC 603 671 (filed December 9, 2015) - Arogant Hollywood and Alison H. Fairchild v. Starbucks - pending in Department 17.

- BC 604 140 (filed December 14, 2015) - Arogant Hollywood and Alison H. Fairchild v. Ross Stores Inc. - pending in Department 72.

Page   5 of 13   DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16

**DEPT. 1**

HONORAILE KEVIN C. BRAZILE          JUDGE   J. MANRIQUE          DEPUTY CLERK

HONORAILE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.          Deputy Sheriff   NONE          Reporter

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

> ***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

- BC 605 023 (filed December 21, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Cecilia Shutan - pending in Department 32.

- BC 605 024 (filed December 21, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Performance Team Freight Systems - pending in
Department 32.

- BC 605 025 (filed December 21, 2015) -
Arogant Hollywood and Alison H. Fairchild v.
Marsden Building Maintenance LLC - pending in
Department 32.

- BC 606 737 (filed January 12, 2016) - Arogant
Hollywood and Alison H. Fairchild v. George
Patel and Aqua Inn Motel - pending in
Department 12.

Because of the relative newness of most of these 26
actions filed by Mr. Hollywood (25 filed by Ms.
Fairchild), at this time Mr. Hollywood and Ms.
Fairchild are not vexatious litigants as defined by
CCP § 391(b)(1), in that, to date, five
non-small-claims litigations have not been finally
determined adversely to them, as set forth above.
The court notes that this may soon change, in that
many of these cases have imminent motion hearings,
case management conferences, and Order to Show Cause
hearings that may become case-dispositive.

Page   6 of 13   DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: C2/08/16

DEPT. 1

HONORABLE KEVIN C. BRAZILE                    JUDGE    J. MANRIQUE         DEPUTY CLERK

HONORABLE                                     JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.           Deputy Sheriff    NONE                            Reporter

---

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

***NO LEGAL FILE***

---

**NATURE OF PROCEEDINGS:**

However, the court finds Mr. Hollywood and Ms.
Fairchild may be vexatious litigants as defined by
CCP § 391(b)(3), in that while acting in propria
persona they have repeatedly "file[d] unmeritorious
motions, pleadings, or other papers ... or engage[d]
in other tactics that are frivolous or solely
intended to cause unnecessary delay."

As seen above, in far less than one year's time Mr.
Hollywood and Ms. Fairchild have filed a plethora of
cases, often improperly bringing several concurrent
lawsuits based on the same alleged violation of a
primary right:  see, e.g., case BC 582 429, already
consolidated with cases 602 762 and BC 596 752; case
BC 582 429, filed two weeks after case BC 581 193
was filed against the same defendants (notice of
related case is pending); case 601 166 filed against
Laura Flores two weeks after case BC 599 941 was
filed against Flores' employer based on the same
incident; case 601 168 filed against Anne Floane two
weeks after case BC 599 942 was filed against
Floane's employer based on the same incident; case
602 190 filed against Michael Doswell and, a month
later, case BC 605 025 was filed against Doswell's
employer based on the same incident; cases BC 601
167 and BC 605 023 filed against two homeowners
offering room rentals through airBNB just after case
BC 601 165 was filed against airBNB based on the
same incidents; et al. Additionally, they fail to

Page   7 of 13   DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16

DEPT. 1

HONORABLE KEVIN C. BRAZILE          JUDGE    J. MANRIQUE          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.          Deputy Sheriff   NONE          Reporter

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

file the requisite Notice of Related Case in these
situations, leading to the potential for duplication
of judicial resources and inconsistent results in
litigation, and suggesting an appearance of
forum-shopping on their claims.  Thus, the court
finds Mr. Hollywood and Ms. Fairchild may be
vexatious litigants as defined by CCP § 391(b)(3)
based on the frivolous and delaying litigation
procedures and tactics they employ.

Additionally, the court finds they may be vexatious
litigants as defined by CCP § 391(b)(3) based on the
substantive lack of merit in the pleadings they
file.  For example, in case BC 602 763 they sue a
John Doe who used an ATM.  The couple were
apparently homeless at the time and were disturbed
at 12:15am on September 6, 2015 by loud music coming
from the vehicle of that bank customer as they slept
nearby.  According to the complaint, Mr. Hollywood
"walked over to the man and yelled at him   then
walked over to [his] car, and pulled his keys from
the ignition in order to stop the very loud music.
Mr. Hollywood then took Mr. Doe's keys, ran about 10
yards, and quickly threw them over a nearby house's
rooftop."  Yet the couple is suing this John Doe for
false imprisonment, intentional infliction of
emotional distress, slander, etc., because after
this happened Mr. Doe called the police, who
allegedly arrested Mr. Hollywood and imprisoned him
for three hours.  The plaintiffs allege Mr. Doe's

Page   8 of 13    DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16                                                           **DEPT. 1**

HONORAILE KEVIN C. BRAZILE          JUDGE | J. MANRIQUE          DEPUTY CLERK

HONORAILE                    JUDGE PRO TEM |                    ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.          Deputy Sheriff | NONE          Reporter

---

BC606737                          Plaintiff
                                  Counsel
AROGANT HOLLYWOOD ET AL                        NO APPEARANCES
VS                                Defendant
GEORGE PATEL ET AL                Counsel

     ***NO LEGAL FILE***

---

**NATURE OF PROCEEDINGS:**

actions were wrongful because "no misdemeanor had
actually been committed at all." On its face, the
allegations against this unnamed man - even if he
could be identified, located, and served - lack
merit because Mr. Hollywood admits in the pleading
his own wrongdoing that justified and caused Mr. Doe
to call the police, leading to the subsequent
arrest.

Similarly in case BC 602 764, the plaintiffs sue
various Del Taco entities following incidents
occurring at one location on November 27, 2015.
First, around 9am, the cashier erred twice in
ringing up his order, Mr. Hollywood told her to
cancel the transaction because she was holding up
the line, the cashier said he could leave if he was
going to be rude, and "Mr. Hollywood then stated:
You had better be careful. I will sue this place so
fast that your head will spin." Another employee
then fixed the cashiering issue. Four hours later,
at 1pm, an employee told them they had five minutes
to leave. According to the complaint:

Mr. Hollywood then stated: "We have as long as we
want. So shut your uncle tom ass up. The man then
stated: Who are you calling an uncle tom." Mr.
Hollywood then stated: "You got a problem?" Talk to
me after you get off work. What time do you get off
work?"

Page   9 of 13    DEPT. 1

| MINUTES ENTERED |
| 02/08/16 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/08/16 | **DEPT. 1** |

| | | | |
|---|---|---|---|
| HONORABLE KEVIN C. BRAZILE | JUDGE | J. MANRIQUE | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. ECHON, C.A. | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC606737 | Plaintiff Counsel | |
| AROGANT HOLLYWOOD ET AL VS GEORGE PATEL ET AL | | NO APPEARANCES |
| | Defendant Counsel | |
| ***NO LEGAL FILE*** | | |

**NATURE OF PROCEEDINGS:**

When the employee ran toward the employee door and complained that Mr. Hollywood was threatening him, Mr. Hollywood responded, "No one is threatening you. If anything you are threatening me by acting like you are going to come bursting through the door to do something." Shortly after that, when another employee asked them to leave, according to the complaint:

Mr. Hollywood also showed [the supervisor] a copy of a summons and complaint filed against Starbucks Inc. for false arrested [sic] and verbally warned her by saying: "If you call the police on me, make something up, and have me falsely arrested you will be sued individually, and Del Taco will also be sued.'"

At 1:25pm the police arrived and ordered them to leave. Then after leaving the store, according to the complaint, "Arogant Hollywood returned to the parking lot and preceded [sic] to reenter the store to peacefully protest Del Taco Inc.'s discrimination of his fiancée" and was allegedly arrested and imprisoned for two hours based on a private citizen's arrest form signed by the manager. Based on this the couple is suing Del Taco for unlawful business practices, false imprisonment, intentional infliction of emotional distress, slander, etc. Again, on its face, these allegations lack merit because Mr. Hollywood admits in the pleading to his

Page  10 of 13    DEPT. 1

| |
|---|
| **MINUTES ENTERED** 02/08/16 **COUNTY CLERK** |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16                                                                                    **DEPT. 1**

HONORABLE KEVIN C. BRAZILE                    JUDGE  J. MANRIQUE                    **DEPUTY CLERK**

HONORABLE                                            JUDGE PRO TEM                            **ELECTRONIC RECORDING MONITOR**

        R. ECHON, C.A.            Deputy Sheriff  NONE                              Reporter

| | | |
|---|---|---|
| BC606737 | Plaintiff Counsel | |
| AROGANT HOLLYWOOD ET AL VS GEORGE PATEL ET AL | | NO APPEARANCES |
| | Defendant Counsel | |

        ***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

own wrongdoing that justified and caused the
employees to call the police, leading to the
subsequent arrest.

Indeed, most of the complaints lodged by these
litigants follow a familiar pattern: Mr. Hollywood
creates or escalates a situation - often citing to
Ms. Fairchild's health or use of a wheelchair and/or
their being homeless as a basis for demanding
extraordinary consideration or exemption from the
law; oftentimes Mr. Hollywood then actually
threatens a lawsuit (sometimes accompanied by his
turning on his video-equipped glasses, or showing
complaints filed against others); the police are
usually called and Mr. Hollywood is often detained
or arrested; and then the plaintiffs sue, alleging a
variety of statutory violations and tort causes of
action to recover for the injustice they argue that
they suffered. Due to the consistent factual
patterns and accelerated pace of the lawsuits filed,
it appears that the plaintiffs are suing people as a
way of life. Because the court liberally grants
their fee waiver requests, their actions have placed
a significant financial burden on the court.

Based on all the above, Mr. Hollywood and Ms.
Fairchild are arguably vexatious litigants and
subject to a pre-filing order under CCP § 391.7.

A pre-filing order under CCP § 391.7 may be made on

                        Page  11 of 13    DEPT. 1.

**MINUTES ENTERED**
**02/08/16**
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16

DEPT. 1

HONORABLE KEVIN C. BRAZILE   JUDGE   J. MANRIQUE   DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.   Deputy Sheriff   NONE   Reporter

BC606737

AROGANT HOLLYWOOD ET AL
VS
GEORGE PATEL ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

the court's own motion, without "pending litigation"
as a requisite.  See Bravo v. Ismaj (2002) 99 Cal.
App. 4th 211, 222-223.  Since the term "court" for
purposes of the California Code of Civil Procedure
means a superior court of this state, and includes -
when the context requires - any judge of the court
[CCP § 194(b)], this court may exercise the
authority described in CCP § 391.7(a), especially in
light of the powers delegated to it by the Presiding
Judge [See CCP § 391.7(e), CRC 10.603(b)(1)(G) and
LASC Local Rules 1.2 and 1.4].

Accordingly, pursuant to CCP § 391.7(a), this court
sets April 7, 2016 at 9:00 a.m. for an Order to Show
Cause re: why Arogant Hollywood and Alison H.
Fairchild aka Alison Helen Fairchild should not be
declared vexatious litigants and be subject to a
pre-filing order, prohibiting any new litigation in
the courts of this state, in propria persona,
without first obtaining leave of the Presiding Judge
of the court where the litigation is proposed.

The Clerk shall give notice.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am

Page  12 of 13   DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/16

DEPT. 1

HONORABLE KEVIN C. BRAZILE          JUDGE   J. MANRIQUE          DEPUTY CLERK

HONORABLE                           JUDGE PRO TEM               ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.          Deputy Sheriff   NONE                   Reporter

BC606737

Plaintiff
Counsel

AROGANT HOLLYWOOD ET AL                        NO APPEARANCES
VS                               Defendant
GEORGE PATEL ET AL               Counsel

         ***NO LEGAL FILE***

**NATURE OF PROCEEDINGS:**

not a party to the cause herein, and that on this
date I served the 2/8/16 Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 2/8/16

Sherri R. Carter, Executive Officer/Clerk

By: _____
              J. Manrique

Arogant Hollywood
1308 East Colorado Boulevard
Pasadena, CA 91106

Alison Helen Fairchild aka Alison H. Fairchild
1308 East Colorado Boulevard
Pasadena, CA 91106

                 Page  13 of 13    DEPT. 1

MINUTES ENTERED
02/08/16
COUNTY CLERK

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of West Covina, California; my business address is 1609 West Garvey Ave. North, West Covina, CA 91790.

On the date below, I served a copy of the following document(s):

COURT ORDER RE VEXATIOUS LITIGANT DESIGNATION OF AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD AKA ALISON H. FAIRCHILD

on all interested parties in said case addressed as follows:

**via First Class U.S. Mail, Postage Prepaid:**

Arogant Hollywood
Alison Helen Fairchild
1308 East Colorado Blvd.,
Pasadena, CA 91106
Plaintiffs in Pro-Se

**BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in West Covina, California, in sealed envelopes with postage fully thereon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in West Covina, California, on September 26, 2016.

/s/  Oxana Denisenko
Oxana Denisenko

---

1

PROOF OF SERVICE

pro-se 9/27/16 KDC

FedEx Express

Extremely Urgent



https://www.fedex.com/shipping/html/en/PrintIFrame.html

XA PCTA

7773 1309 1080

TRK#
0201

TO CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK NY 10007
(609) 813-3744

ORBEN D EBEN
STEPHEN BUTTENBERG
1400 WOLFGANG AVE. NORTH
WOODBINE NJ 08270
UNITED STATES US

(609) 813-3744

REF: SP#1040 V. HOLLYWOOD

SHIP DATE: 28SEP16
CAD: 8094948/INET8700

BILL SENDER

TUE - 27 SEP 3:00P
STANDARD OVERNIGHT

NY-US
EWR

10007

544J1/A053/14EB

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com FedEx will not be responsible for any